

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-24-2009

# Ernst Ford v. City of Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1792

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Ernst Ford v. City of Philadelphia" (2009). *2009 Decisions.* Paper 1145.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1145

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1792
_____

ERNST FORD,
                                                    Appellant

v.

CITY OF PHILADELPHIA; OFFICER TERRANCE SANDERS;
SERGEANT SCOTT MURPHY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-00778)
Magistrate Judge: Honorable Timothy R. Rice

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 24, 2009

Before: RENDELL, FUENTES and ALDISERT, Circuit Judges

(Opinion filed: June 24, 2009)
_____

OPINION
_____

PER CURIAM

     Appellant Ernst Ford seeks a new trial following a jury verdict and subsequent

judgment in favor of Appellees City of Philadelphia ("the City"), Officer Terrance

Sanders and Sergeant Scott Murphy.  For the reasons that follow, we will affirm the judgment below.

## I.

In February 2007, Ford initiated a civil rights action under 42 U.S.C. § 1983 in the Eastern District of Pennsylvania against the City and two of its law enforcement officers. He alleged that the officers, Appellees Sanders and Murphy, retaliated against him for protesting police brutality, and that they used excessive force when effectuating his arrest. Ford was appointed counsel and permitted to amend his complaint.  At the close of discovery, the officers moved for summary judgment.  The District Court denied Sanders' motion, and denied Murphy's motion in part.  A four-day jury trial followed, culminating in the dismissal of Ford's surviving claims.  Judgment was entered and, following two unsuccessful motions for a new trial, Ford took an appeal from that judgment.

After a briefing schedule was issued and Ford had submitted his opening appellate brief, Appellees moved to dismiss the appeal, citing Ford's failure to obtain and provide a transcript of the jury trial.  Ford filed a response, and then moved in both the District Court and this Court for a copy of the jury trial transcript at the public's expense.  The District Court denied Ford's motion; we denied Appellees' motion to dismiss and Ford's motion for a copy of the transcript.  Appellees then filed their brief, and Ford filed a reply.

## II.

Ford essentially raises four claims on appeal.[1]  First, he argues that "the difficulties [the jury] encountered in understanding the Law, the judge's innuendos, insinuations, ultimatum and time constraint caused the jury to hand down a verdict that was not withstanding [the evidence]."  We liberally construe this argument as encapsulating both a claim challenging the jury instructions and a claim that the verdict was against the weight of the evidence.  Ford's remaining two claims contest an evidentiary ruling at trial and the effectiveness of his court-appointed counsel team.

At the outset, we note that Ford's claim concerning the alleged ineffective assistance of his court-appointed civil attorneys is without merit.  There is no right to effective counsel in a civil case, and "a civil litigant is bound by the action or inaction of his attorney."  Walker v. Sun Ship, Inc., 684 F.2d 266, 269 (3d Cir. 1982).  See also Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980).

As to the remaining claims, Appellees renew their argument that Ford's failure to obtain a trial transcript pursuant to Rule 10(b) of the Federal Rules of Appellate Procedure and Rule 11.1 of our Local Appellate Rules inhibits our ability to assess the majority of his claims.  We agree.  Rule 10(b) requires an appellant to order a transcript of the parts of the District Court proceedings that the appellant considers necessary.  Failure to abide by that Rule permits "the court of appeals to act as it considers appropriate, including dismissing the appeal."  Fed. R. App. P. 3(a)(2).  See, e.g., Horner Equip. Int'l,

---

[1]  We have jurisdiction under 28 U.S.C. § 1291.

Inc. v. Seascape Pool Ctr., Inc., 884 F.2d 89, 92-93 (3d Cir. 1989).

Absent the trial transcript, Ford's filings on appeal are wholly insufficient to conduct any meaningful review of his claims related to the sufficiency of the evidence, evidentiary rulings or the jury instructions. See, e.g., LePage's Inc. v. 3M, 324 F.3d 141, 146 (3d Cir. 2003) (setting forth standard of review for sufficiency claims). We recognize that Ford's failure to provide a copy of the transcript is in part due to our denial of his request for one. Nonetheless, Ford has not even described the trial errors as he perceives them. Nor has he explained his arguments beyond vague generalizations or cited any legal authority for his positions. In short, he has not provided a viable basis for us to question the judgment below.[2]

Accordingly, we will affirm the District Court's entry of judgment in favor of Appellees.

---

[2] For this reason, we previously declined to produce a copy of the trial transcript at the public's expense, even though Ford is proceeding pro se and in forma pauperis. This is because eligibility for a transcript at public expense also requires a civil litigant to demonstrate "that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). See also Walker v. People Express Airlines, Inc., 886 F.2d 598, 600-01 (3d Cir. 1989).